IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Sequoia McKinnon, | ) | Case No. 8:22-cv-1205-RMG |
| | ) | |
| Petitioner, | ) | **AMENDED** |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Warden at Kershaw Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 14) recommending that Petitioner's petition be summarily dismissed. As set forth below, the Court adopts the R&R as the order of the Court except for the section on exhaustion of state court remedies and dismisses Petitioner's petition without prejudice.

## I. Background

Petitioner, proceeding pro se and in forma pauperis, is an inmate in the custody of the South Carolina Department of Corrections and is presently confined at the Kershaw Correctional Institution. Petitioner brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254.

On June 2, 2022, the Magistrate Judge filed an R&R recommending that the petition be summarily dismissed. (Dkt. No. 16). The Court granted Petitioner additional time to file objections to the R&R. (Dkt. No. 21). Petitioner filed objections to the R&R, albeit styled as a "motion to vacate." (Dkt. No. 23).

## II. Legal Standards

### a. Pro Se Pleading Standard

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th

Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner filed objections to the, the R&R is reviewed de novo.

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition is subject to summary dismissal. Namely, the Magistrate Judge correctly determined that Petitioner's claims are subject to dismissal as time barred. (Dkt. No. 14 at 10-15)

(Petitioner did not file a direct appeal of his June 22, 2016 conviction and sentence, which became final on July 2, 2016. Instead, Petitioner waited 327 days until filing his first PCR on May 25, 2017, leaving Petitioner with 38 days of non-tolled time within which to bring this action. Petitioner's PCR action was dismissed, and the South Carolina Court Appeals denied his writ for certiorari on February 23, 2021, and returned a remittitur on March 16, 2021, leaving Petitioner until April 25, 2021 to file a federal habeas action. The instant action, however, was filed on April 11, 2022, or "351 days—more than eleven months—after the expiration of the statute of limitations"); § 2241(d)(1) (one year statute of limitation to apply for writ of habeas corpus by a person in custody pursuant to the judgment of a state court). Additionally, the Magistrate Judge correctly noted that no circumstances justified equitable tolling in the instant matter.

Petitioner filed objections to the R&R. (Dkt. No. 23). The Court overrules Petitioner's objections. In pertinent part, Petitioner objects to the finding that "[he] do[es] not have equitable tolling." (*Id.* at 19). In so objecting, however, Petitioner does not put forward cogent argumentation or point to specific factual findings in the R&R which he contests. Instead, Petitioner alludes to a vague and incoherent conspiracy involving the "S.C. Attorney General and the S.C. Supreme Court." Accordingly, Petitioner's objections are overruled.

**IV.     Certificate of Appealability**

The governing law provides:

(c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; see also Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not

covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). The legal standard for issuance of a certificate of appealability has not been met here because reasonable jurists would not find it debatable Petitioner's claim is time barred. Therefore, a certificate of appealability is denied.[1]

## V.     Conclusion

As forth above, the Court **ADOPTS** the R&R (Dkt. No. 14) as the order of Court except for the section on exhaustion of state court remedies and dismisses Petitioner's petition without prejudice.  All pending motions are denied as moot.  The Clerk is directed to close this case.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

August 15, 2022  
Charleston, South Carolina

---

[1] On August 12, 2022, the Fourth Circuit remaned this case for the limited purpose of supplementing the record with an order granting or denying a certificate of appealability. (Dkt. No. 41).  The instant order is identical to that issued on July 14, 2022, except to the extent that it denies Petitioner a certificate of appealability.